NOT DESIGNATED FOR PUBLICATION

No. 118,562

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD LEE MALONEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 2, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Monica Sosa*, legal intern, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Donald Lee Maloney appeals from the district court's decision to revoke his probation and order him to serve his 32-month prison sentence for possession of methamphetamine. Maloney argues the court should have first ordered him to serve a limited amount of jail time as an intermediate sanction before revoking his probation and sending him to prison. For the reasons stated below, we affirm the court's decision.

1

In 2016, Maloney was pulled over by Derby Police Officer Cory Skov for driving a vehicle with no tail lights after sunset. After approaching the vehicle and making contact with Maloney, Skov smelled the odor of alcohol. Skov also observed that Maloney's eyes were bloodshot, that Maloney's speech was slurred, and that there was an empty beer can inside the vehicle. Skov asked Maloney multiple times to exit the vehicle to perform a field sobriety test, but Maloney refused to do so. At this point, Skov physically removed Maloney from the vehicle, a task that required the assistance of two other officers and the use of a taser.

Maloney was arrested but refused to submit to any type of sobriety testing. During a search of Maloney's person, the officers seized a used syringe from Maloney's pants pocket. During a search of the vehicle, the officers seized: (1) a small bag containing approximately 0.1 grams of methamphetamine, (2) several unused syringes, (3) an open and half-empty can of Natural Ice beer, and (4) an empty can of Natural Ice beer.

The State charged Maloney with one count of possession of methamphetamine, one count of transporting an open container of alcoholic beverage, and one count of improper tail lamps. The parties ultimately entered into a plea agreement: Maloney agreed to plead guilty to the possession of methamphetamine charge in exchange for the State dismissing the remaining counts. The district court sentenced Maloney to 32 months in prison but granted Maloney's request for probation in order to allow Maloney to get his life back on track. Among other things, the court ordered Maloney to complete a drug and alcohol evaluation as a condition of his probation.

Four months after Maloney was sentenced, the State filed a motion to revoke Maloney's probation. At a hearing on the motion, Maloney stipulated to multiple violations of his probation, including possession of alcohol, as well as new offenses of

driving under the influence (DUI) and fleeing and eluding a law enforcement officer. The State asked the district court to revoke Maloney's probation and impose the 32-month prison sentence. In support of its request, the State argued that the crime of fleeing and eluding was a public safety issue, that Maloney failed to complete a drug and alcohol evaluation as ordered by the court, and that the similarity between Maloney's previous drug crime and the new DUI offense demonstrated Maloney was unable to voluntarily refrain from substance abuse. For his part, Maloney conceded the court's authority to impose his prison sentence but requested the court impose a limited intermediate sanction in jail and then allow him to remain on probation to continue substance abuse treatment.

The district court acknowledged Maloney's struggles with mental health and substance abuse but found limited intermediate sanctions would not be beneficial for Maloney given his demonstrated inability to resist the urge to engage in the use of drugs and alcohol. The court then revoked Maloney's probation, bypassed intermediate sanctions, and ordered Maloney to serve the 32-month prison sentence imposed.

ANALYSIS

Maloney argues the district court erred when it ordered him to prison after revoking probation.

Once a violation of probation has been determined, the appropriate disposition based on the violation falls within the trial court's discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial action constitutes an abuse of that discretion only if the action is arbitrary, fanciful, or unreasonable or based on an error of law or fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

3

Generally, if an offender violates the terms of his or her probation, the district court must impose intermediate sanctions before revoking probation and ordering the offender to serve the prison sentence imposed. See K.S.A. 2017 Supp. 22-3716(b)-(c); *State v. Brown*, 51 Kan. App. 2d 876, 880, 357 P.3d 296 (2015). If the offender commits a new felony or misdemeanor while on probation, however, the court may revoke probation and order the offender to serve the prison sentence imposed without having previously imposed an intermediate sanction. K.S.A. 2017 Supp. 22-3716(c)(8)(A).

In this case, the district court imposed a prison sentence of 32 months but granted Maloney's request for 12 months of probation. Less than four months after being granted probation, Maloney admitted that he violated that probation by committing new crimes, namely fleeing and evading and driving under the influence. Based on that admission, the district court found Maloney in violation of his probation, revoked it, and ordered Maloney to serve his underlying prison sentence.

Maloney argues that the district court's decision to bypass intermediate sanctions and impose his prison sentence was an abuse of discretion because, in light of the positive steps he made while on probation, no reasonable person would agree with the district court's actions. Specifically, Maloney argues that an intermediate sanction and reinstatement of his probation would better serve him and the community by allowing him to continue to undergo treatment with the ultimate goal of ending his cycle of addiction.

Maloney's argument is undermined by evidence in the record establishing that (1) Maloney committed new crimes less than three months after being placed on probation; (2) one of Maloney's new crimes was driving under the influence, an infraction that stems directly from his alcoholism and substance abuse issues; (3) Maloney failed to complete a drug and alcohol evaluation during the few months he was out on probation as ordered by the court as a condition of his probation; and (4) Maloney had a history of substance

4

abuse related offenses, including a prior driving under the influence and the sale of cocaine. Given these facts, the district court's decision to revoke Maloney's probation and order him to serve his prison sentence was neither unreasonable nor based on a mistake of fact or law. See K.S.A. 2017 Supp. 22-3716(c)(8)(A) (court permitted to bypass imposition of intermediate sanctions when offender commits new felony or misdemeanor). Finding no abuse of discretion, we affirm the district court's decision to revoke Maloney's probation and order him to serve the prison sentence imposed without having previously imposed an intermediate sanction.

Affirmed.